Gershengorn, Wendie L, J.
The parties are before the Court on the defendant’s motion for summaiy judgment. Following review of the parties’ submissions and oral argument, the motion is DENIED.
The defendant has failed to meet its burden. There are genuine issues of material fact precluding summary judgment. Particularly, whether the defendant’s employee had apparent authority to deny plaintiff access to the fitting room and whether the defendant has provided a legitimate, non-discriminatoiy explanation for the employee’s actions are questions for a fact finder. See Theos & Sons, Inc. v. Mack Trucks, Inc., 431 Mass. 736, 742 (2000) (noting “the question of agency is usually an issue for the fact finder”); Wynn & Wynn, P.C. v. Massachusetts Comm’n Against Discrimination, 431 Mass. 655, 670 (2000) (in employment contextd “once the plaintiff has met her initial burden of persuasion on the presence of an illegitimate motive, the decision whether the employer has met its burden of proving that another legitimate, non-dis-criminatoiy reason actually led it to make the decision, is normally for the jury or other finder of fact to decide”).
*477 Additionally, the defendant’s assertion that the plaintiffs claim under the public accommodations law, G.L.c. 272, §98, precludes her claim under the Massachusetts Equal Rights Act (“MERA”), G.L.c. 93, §102, is unpersuasive. Although G.L.c. 15 IB provides an exclusive remedy, precluding claims under MERA, see Cargill v. Harvard University, 60 Mass.App.Ct. 585, 604 (2004), there is no authority holding the same for G.L.c. 272, §98. See also Lucava v. Lucander, 58 Mass.App.Ct. 527 (2003) (addressing claims under both statutes).

ORDER

For the above reasons, the defendant’s motion for summary judgment is DENIED.